# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SHANNON BOYLE,
ADC #116113                                                                                    PLAINTIFF

V.                                    5:11CV00014 JMM/JTR

GAYLON LAY, Warden,
Cummins Unit, et al.                                                                         DEFENDANTS

## ORDER

Plaintiff, Shannon Boyle, has commenced this *pro se* § 1983 action alleging that: (1) Defendants Earl and Fitzpatrick used excessive force against him on July 28, 2010; and (2) Defendants Lay and Robertson were aware of a pattern of misconduct by Earl and Fitzpatrick, but failed to take corrective action. *See* docket entry #2.

Plaintiff has recently filed a Motion to Compel, and Defendants have filed a Response. *See* docket entries #28 and #31. The Court will discuss each discovery dispute separately.

**A.    Interrogatory #11 from Plaintiff's First Set of Interrogatories**

In this Interrogatory, which is more properly characterized as a Request for Production of Documents, Plaintiff asked Defendants to produce: "Any video concerning the incident on July 28, 2010, including East 1 security video." *See* docket entry #28 at 2. In their Response to the Motion to Compel, Defendants summarize

their objections to Interrogatory 11 from Plaintiff's *Second* Set of Interrogatories. *See* docket entry #31. They have not, at this time, explained why they object to Plaintiff's request for a copy of any video of the July 28, 2010 incident.

The Court is aware, from other cases, that legitimate security concerns prevent ADC officials from giving prisoners copies of videos. However, in many cases, prison officials have allowed prisoners to *view* relevant videos, and take notes while doing so. Accordingly, Defendants shall, **within fourteen days of the entry of this Order**, either: (1) allow Plaintiff to review any videos of the July 28, 2010 incident, and take notes while doing so; or (2) file, *under seal*, a copy of any such video along with a sealed Supplemental Response that explains why the video, or portions thereof, should not be viewed by Plaintiff.

**B.     Interrogatory #5 from Plaintiff's Second Set of Interrogatories**

In this Interrogatory, Plaintiff asked: "Did Defendant Earl ever strike the Plaintiff at any time, if so, what part of the body?" *See* docket entry #31, Ex. A at 3. Defendants objected to this discovery request because of "vagueness," and then responded that "minimal force was used to regain control of inmate Boyle." *Id.*

The Court concludes that this discovery request is not impermissibly vague. Although inartfully drafted, Interrogatory #5 is asking Defendants to explain the specific type and amount of force Defendant Earl used on Plaintiff during the July 28,

2010. Defendants' answer that "minimal force was use" is overly broad and not responsive to Plaintiff's request. Thus, the Motion to Compel is granted as to this Interrogatory. Defendants shall, **within fourteen days of this Order,** provide Plaintiff with a Supplemental Response to Interrogatory #5 that clearly describes the kind and degree of force that Defendant Earl used on Plaintiff during the July 28, 2010 incident.

**C.     Interrogatory #13 from Plaintiff's Second Set of Interrogatories**

Plaintiff asked Defendants to: "State how many times Defendant Earl has been reprimanded for excessive use of force." *See* docket entry #31, Ex. A at 5. Defendants objected to that request because unspecified "security concerns" prevent the release of personnel information to inmates. *Id.*

The requested information is clearly relevant to Plaintiff's claim against Defendants Lay and Robertson. More importantly, Plaintiff has only asked Defendants to state the number of times Defendant Earl has been reprimanded. He has not asked for any specific information about the reprimands or any other confidential information from Defendant Earl's personnel file that could create a security risk.[1] Thus, Defendants shall**, within fourteen days of the entry of this Order,** provide

---

[1] *If* Defendants Lay and Roberson have previously been reprimanded for using excessive force, and this case proceeds to trial, Plaintiff would be entitled to fully explore and develop the underlying facts surrounding any such other incident.

Plaintiff with a Supplemental Response to Interrogatory #13 that states the number of times that Defendant Earl has been reprimanded for using excessive force.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Compel (docket entry #28) is GRANTED, AS SPECIFIED HEREIN.

Dated this 15th day of July, 2011.

                                            */s/ J. Thomas Ray*
                                    UNITED STATES MAGISTRATE JUDGE